UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 5:22-cv-00406-JWH-SP | Date June 6, 2022 |
| Title *James Cecil Hobson v. Sandra Sue Provost, et al.* | |

Present: The Honorable **JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE**

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION (IN CHAMBERS)**

This case concerns an accident involving an automobile driver and a bicyclist. Plaintiff James Cecil Hobson commenced this action in February 2022 by filing his Complaint in Riverside County Superior Court, and, one month later, Defendant Sandra Sue Provost removed this action to this Court.[1] *See* 28 U.S.C. § 1441 (providing procedures for the removal of civil actions). In her Notice of Removal, Provost avers that this Court has subject matter jurisdiction under 28 U.S.C. § 1332.[2] The Court needs more information before it can determine whether Provost is correct.

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. A "removing

---

[1] *See* Notice of Removal ("Notice of Removal") [ECF No. 1] ¶ 1; *see also* Compl. (the "Complaint") [ECF No. 1]. Provost failed to file the Complaint as a separate attachment; the Complaint begins on page 6 of the Notice of Removal. Nevertheless, when citing to the Complaint, the Court refers to the Complaint's separately numbered paragraphs.

[2] Notice of Removal ¶ 4.

defendant bears the burden of proving" that subject matter jurisdiction exists. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

The issue here is whether the amount in controversy exceeds $75,000. The Complaint is extremely vague with respect to damages.[3] Hobson alleges that he was injured as a result of the accident, but he provides no details beyond boilerplate language.[4] In her Notice of Removal, Provost asserts that the "matter in controversy exceeds the sum of $75,000, exclusive of interest and costs."[5] Beyond that bald assertion, Provost provides no argument or evidence regarding the amount in controversy.

"In this circuit, when the complaint does not contain any specific amount of damages sought, the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). Provost's mere assertion that the amount in controversy exceeds $75,000 fails to meet that burden.

Because federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), the Court, on its own motion, hereby **ORDERS** as follows:

1.Provost is **DIRECTED** to show cause in writing why this Court has subject matter jurisdiction over this action. Provost is **DIRECTED** to file a brief of no more than 10 pages, and accompanying declarations or other admissible evidence as may be necessary and appropriate, by no later than 12:00 noon on June 17, 2022. Provost's failure to respond adequately to this Order to Show Cause may, without further warning, result in the Court's *sua sponte* remand of this action.

2.Hobson may likewise file a brief of no more than 10 pages regarding whether this Court has subject matter jurisdiction over this action. If Hobson chooses to file such a brief, he must do so by no later than 12:00 noon on June 24, 2022.

---

[3]*See generally* Complaint.

[4]*See, e.g., id.* at ¶¶ 15 & 16.

[5]Notice of Removal ¶ 4.

      3.    A video hearing on this Order to Show Cause is **SET** for July 8, 2022, at 11:00 a.m.

      4.    The video Scheduling Conference is **CONTINUED** to July 8, 2022, at 11:00 a.m.

**IT IS SO ORDERED.**